# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06 C 0631 |
| ) | |
| LAPRIEST GARY and ADONIS HOUSE, ) | Judge Virginia M. Kendall |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant LaPriest Gary ("Gary"), along with co-defendant Adonis House ("House") (collectively "Defendants"), are charged in a five-count indictment[1] with various violations of federal narcotics law. Gary is charged with conspiring to distribute in excess of 50 grams of cocaine base in the form of crack cocaine (Count I); distributing various amounts of cocaine base in the form of crack cocaine (Counts II and III); and possessing with intent to distribute cocaine base in the form of crack cocaine and heroin (Counts IV and V, respectively). House is charged in Counts II and III. The conspiracy charge and distribution charges relate to events in April and May 2005, while the possession charges relate to events on May 9, 2006. Gary now moves this Court to sever Counts IV and V from Counts I, II and III. Both Defendants ask this Court to compel the Government to disclose information regarding any informants, cooperating witnesses or confidential sources used by the Government in the investigation of this case. Last, Gary makes several other standard motions for the disclosure of information prior to trial.

Because joinder of the charges in the indictment is proper under Rule 8 and Gary has not demonstrated that he will be prejudiced by the joinder, this Court will not sever Counts IV and V. Regarding the disclosure of the Government's cooperating informant, Defendants have not shown

that their need for disclosure of his identity outweighs the public interest in protecting the free flow of information to law enforcement. Because, however, the undercover agent and confidential witness were both participants in, and witnesses to, the conduct giving rise to the charges against Defendants, the Government is required to disclose their identities.

**I.      Motion for Severance**

Gary requests that Counts IV and V be severed from Counts I, II and III. Before this Court may determine whether to sever the Counts, it first must be sure that the Counts were properly joined. *United States v. Donaldson*, 978 F.2d 381, 391 (7th Cir. 1992).

**A.      Joinder**

Charges may be joined under Federal Rule of Criminal Procedure 8(a) when they are: "(1) of the same or similar character; (2) based on the same act or transaction; or (3) based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." *U.S. v. Koen*, 982 F.2d 1101, 1111 (7th Cir. 1992). Joinder under this rule is construed broadly because of the efficiency in trying a defendant on related counts in the same trial. *United States v. Archer*, 843 F.2d 1019, 1021 (7th Cir. 1988). Despite the policy favoring joinder, benefits of joint trials "must be balanced against the defendant's right to a trial free of prejudice." *United States v. L'Allier,* 838 F.2d 234, 240 (7th Cir.1988); *see also United States v. Coleman*, 22 F.3d 126, 132 (7th Cir. 1994) ("defendant embarrassment or confoundment in presenting separate defenses simultaneously, jury cumulation of evidence, and jury inference of criminal disposition are [joinder's] main vices").

The Government argues that the charges in the indictment are properly joined because they are all of the "same or similar character" – drug charges. Charges are of the "same or similar character" when "the counts refer to the same type of offenses occurring over a relatively short

period of time, and the evidence as to each count overlaps." *Koen*, 982 F.2d at 1111. Defendant points out that while the first three offenses are related, the May 9, 2006 possession charges occurred almost one year later and will rely upon separate evidence. But the "'short-period-of-time/evidence-overlap formula' is not the exclusive measure of whether 'same of similar' offenses are properly joined." *U.S. v. Turner*, 93 F.3d 276, 283 (7th Cir. 1996), citing *Coleman*, 22 F.3d at 131-34. As the plain language of Rule 8(a) instructs, a court also may compare the charged offenses for "categorical, not evidentiary, similarities." *Coleman*, 22 F.3d at 133. Thus, "if offenses are of like class, although not connected temporally or evidentially, the requisites of proper joinder should be satisfied so far as Rule 8(a) is concerned." *Id.*

In determining whether joinder is proper, the court focuses on the face of the indictment. *See United States v. Alexander*, 135 F.3d 470, 475 (7th Cir.1998); *United States v. Quintanilla*, 2 F.3d 1469, 1482 (7th Cir. 1993) ("The test of misjoinder is what the indictment charges, not what the proof at trial shows"). The five counts for which Gary is charged in the indictment are all the same category of offense, each being brought under 28 U.S.C. § 841(a)(1). Thus, it is immaterial for purposes of joinder under Rule 8(a) that the possession charges in Counts IV and V involve discrete events – separate in time and evidence – from charges in Counts I, II and III. *See Turner*, 93 F.3d at 283-84 (affirming joinder of drug charge where proof involved discrete historical facts that were alleged to have occurred more than fourteen months after conspiracy alleged in separate count); *Coleman*, 22 F.3d at 131-132 (affirming joinder of four gun charges where the incidents in question were four separate encounters with the police under four different circumstances and involving four separate sets of witnesses and encounters). Because each charge shares categorical similarities, Counts IV and V are properly joined with Counts I, II and III in the indictment.

B.   **Severance**

Even if offenses are properly joined, Rule 14 gives a court discretion to sever them if their joinder would sufficiently prejudice the defendant. Fed. R.Crim. P. 14(a)[1]; *United States v. Shue*, 766 F.2d 1122, 1134 (7th Cir. 1985). In this regard, the Court recognizes that the risk of unfairness is heightened when two or more offenses are joined because of their "same or similar character." *Coleman*, 22 F.3d at 134. Gary is particularly concerned that while the Government's evidence pertaining to conspiracy in Count I and distribution in Counts II and III is "at best thin," he could be found guilty on those charges if the jury improperly relies on the more compelling evidence offered as to Counts IV and V. Generally, the Seventh Circuit has rejected this type of "evidentiary spillover" argument, and particularly with regard to the facts and charges alleged in this case. *See, e.g., United States v. Abdelhaq*, 246 F.3d 990, 992 (7th Cir. 2001) ("[A]s a basis for requiring severance, 'evidentiary spillover' has been rejected").

The evidence against Gary on each count in the indictment is relatively simple and straightforward. It is presumed that a jury can separate what evidence is relevant to each count where the testimony and evidence will not be extensive or complex. *See U.S. v. Lanas*, 324 F.3d 894, 900 (7th Cir. 2003). This presumption applies even when the charged offenses are similar. *See Turner*, 93 F.3d at 284 (less than two day trial on conspiracy and substantive drug charges); *Coleman*, 22 F.3d at 135 (four counts of possession of a firearm on which "the evidence as to each [count] was anything but excessive or confusing"). The possibility of "prejudicial spillover" from

---

[1] Rule 14, entitled "Relief from Prejudicial Joinder," provides in relevant part:
If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

4

Counts IV and V into Counts I, II and III thus is unlikely. Any possible prejudice created by trying the counts together will be removed with an appropriate limiting instruction to the jury. *See United States v. Stillo*, 57 F.3d 553, 557 (7th Cir. 1995) (holding that a criminal defendant "must rebut the dual presumption that a jury will (1) capably sort through the evidence and (2) follow limiting instructions from the court") (quotation omitted); *United States v. Berardi*, 675 F.2d 894, 901 (7th Cir. 1982) (holding that jury instructions are "an adequate safeguard against the risk of prejudice in the form of jury confusion, evidentiary spillover and cumulation of evidence"). Finally, the potential prejudice will be removed if the evidence relating to Counts IV and V is admissible under Rule 404(b) to show Gary's knowledge of the conspiracy in Count I or his intent to commit the offenses charged in Counts II and III. *See United States v. Rollins*, 301 F.3d 511, 519 (7th Cir. 2002) ("prejudice requiring severance is not shown if evidence on the severed counts would be admissible in the trial of the remaining counts"); *United States v. Cooper*, 942 F.2d 1200, 1205 (7th Cir. 1991) ("Evidence of a prior drug transaction is admissible under [FRE] 404(b) to show a defendant's intent to take part in a conspiracy, his opportunity to acquire and distribute cocaine, and his knowledge of the distribution network"); *United States v. L'Allier*, 838 F.2d 234, 240 (7th Cir. 1988) (Severance "does not require that every piece of evidence of one offense be admissible in a separate trial on the other offense"). Accordingly, there is no potential prejudice to Gary that warrants severance of Counts IV and V.

## II. Motion for Disclosure of Confidential Informant Information

Gary and House seek to compel the Government to disclose the identity of any informants, cooperating witnesses or confidential sources used by the Government in the investigation of this case. In particular, Defendants requests the name, aliases, address, contact number and/or attorney's name and telephone number for FBI Undercover Employee 1 ("UCE1"), Confidential Witness 2

("CW2") and Cooperating Informant ("CI"). CI provided certain background information to the Government, while UCE1 and CW2 allegedly participated in controlled buys involving Defendants. CW2 set up the narcotics transactions and acted as an intermediary between Defendants and UCE1, who posed as a drug dealer from Wisconsin seeking to purchase crack cocaine in Chicago.

"The government has a limited privilege to withhold the identity of a confidential informant from a criminal defendant." *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001), citing *Roviaro v. United States*, 353 U.S. 53, 60 (1957). This privilege is designed to encourage individuals to come forward with information by preserving their anonymity. *Roviaro*, 353 U.S. at 59. At the same time, the interest in maintaining an informant's anonymity must be balanced "against the [defendant's] right to prepare his defense." *Id.* at 62. Under this balancing test, the privilege will not apply "[w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused." *Id.* at 60-61. The burden is on the defendant to establish that disclosure is "relevant and helpful to [his] defense" or "essential to fair determination of a cause." *Jefferson*, 252 F.3d at 941; *see United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993) (where public interest in protecting the free flow of information is strong, defendant must demonstrate a "genuine need" for disclosure). If a defendant meets this burden, the Government's obligation to disclose the identity of the informer does not hinge on whether the witness will testify at trial. Id. at 55-56; *see Banks v. Dretke*, 540 U.S. 668, 697 (2004) ("The issue of evidentiary law in *Roviaro* was whether (or when) the Government is obliged to reveal the identity of an undercover informer the Government does *not* call as a trial witness"). Indeed, if an informant possesses information helpful to the defense, it would be less likely that the Government would call the witness at trial.

6

There is no indication that the CI possesses information regarding the criminal conduct for which Defendants are being charged. Instead, the CI provided law enforcement with only "historical information" regarding the activities of Defendants. "When the informant is a mere 'tipster,' rather than a participant or an eye witness to the event in question, disclosure will not be required." *United States v. Andrus*, 775 F.2d 825, 842 (7th Cir. 1985); *see United States v. Lewis*, 671 F.2d 1025, 1027 (7th Cir. 1982) ("Where the informant is a mere 'tipster,' disclosure of his identity will rarely be appropriate under the balancing test of *Roviaro*"). According to the Government, the CI did not participate in or witness any of the events alleged in the indictment. As such, he could not be helpful to the defense by "amplify[ing] or contradict[ing] the testimony of government witnesses." *Roviaro*, 353 U.S. at 64. No other need for the disclosure of the CI's identity being shown by Defendants, the Government may withhold his identity.

UCE1 and CW2, in contrast, participated in the controlled buys with Defendants. In *Roviaro*, the Court held that the public interest in withholding an informant's identity must give way to the interests of the defendant when the informant "had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime and might be a material witness as to whether the accused knowingly transported the drugs as charged." *Id.* at 55. UCE1 and CW2 occupy a position similar to the informant in *Roviaro*. The Government has offered no law enforcement or safety reason why their identities should not be disclosed. Accordingly, the Court orders the Government to disclose the identity and any other material information regarding UCE1 and CW2 within thirty days of this order or move the Court under seal to prevent the disclosure of this information by providing the Court with appropriate materials supporting such non-disclosure within the same thirty day period.

**III.    Other Motions**

Defendant's Motion for Notice of Intention to use Expert Witness Testimony is granted; the Government shall disclose the identity of any experts thirty days prior to trial and shall identify any items of evidence that will be examined by experts at that time.  Defendant's Motion for Immediate Disclosure of Favorable Evidence is denied as moot on the basis of the Government's representation that it understands its obligations under *Brady v. Maryland* to produce exculpatory evidence. Likewise, Defendant's Motion for Disclosure of Evidence which may lead to the Impeachment of Any Government Witness is denied as moot on the basis of the Government's representation that it understands its obligations under *Giglio v. United States* to turn over information that impeaches its witnesses.  Defendant's Motion to Require Notice of Intention to Use Other Crimes, Wrongs or Acts Evidence is granted in part and denied in part.  The Government shall give notice of its intention to use evidence pursuant to Federal Rule of Evidence 404(b) two weeks prior to trial and the defense shall respond to that motion one week prior to trial.  There being no objection, Defendant's Motion for Issuance of Subpoenas and Early Return Thereof is granted.  Defendant's Motion for Hearing or Proffer on Admissibility of Co-Conspirator's Statements is granted; the Government's *Santiago* proffer shall be due 30 days prior to trial.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date:  January 25, 2007